IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**VERNON FRAZIER, #125273**                                                            **PETITIONER**

v.                                                                      CIVIL ACTION NO. 2:10cv60-KS-MTP

**WARDEN FRANKLIN D. BREWER, et al.**                                    **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

Before this Court is the *pro se* petition of Vernon Frazier for a writ of *habeas corpus* under 28 U.S.C. § 2254 [1]. Having considered the submissions of the parties, the record of the state court proceedings, and the applicable law, the Court finds that the Petitioner's request for relief pursuant to 28 U.S.C. § 2254 is **denied** for the following reasons.

PROCEDURAL HISTORY

On November 9, 2006, in the Circuit Court of Marion County, Mississippi, Vernon Frazier was convicted of statutory rape and sentenced to twenty (20) years in the custody of the Mississippi Department of Corrections with fifteen (15) years to be served in custody and the remaining five (5) to be served under the post-release provisions pursuant to Miss. Code Ann. § 47-7-34. State Court Record, hereinafter S.C.R., Vol. I, p. 50. [16-3]. The Petitioner was convicted on an information, as he waived an indictment and then entered into a guilty plea. S.C.R. Vol. I, pp. 6, 7, 8-10. [16-3] On May 9, 2007, the Petitioner filed a Petition for Post-Conviction Relief citing three (3) grounds (as summarized by the Court):

> Ground One:      Ineffective assistance of counsel in tendering plea of guilty
>
> Ground Two:      Ineffective assistance of counsel in failing to demur the indictment that did not give the trial court subject matter jurisdiction
>
> Ground Three:    Petitioner alleges the trial court failed to form a factual basis to accept the guilty plea. S.C.R., Vol. I, p. 59. [16-3]

The trial court summarily dismissed the petition on June 27, 2007 relying heavily on *Strickland v. Washington*, 466 U.S. 668 (1984). S.C.R. Vol. I, pp. 79-81. [16-3]

Frazier then timely appealed the trial court's dismissal to the Mississippi Court of Appeals raising three (3) grounds (as summarized by the Court):

| | |
|---|---|
| Ground One: | Trial court erred in sentencing on an information because it lacked subject matter jurisdiction |
| Ground Two: | Guilty plea was neither knowingly nor intelligently made |
| Ground Three: | Ineffective assistance of counsel for not properly explaining that Frazier had been formally charged. State Court Record: Briefs and Other Pleadings, Volume I, hereinafter S.C.R. Pleadings, Vol. I, p. 16. [16-1] |

The Court of Appeals affirmed the trial court's decision. *Frazier v. State*, 28 So. 3d 646 (Miss. Ct. App. 2009); *reh'g. denied* December 8, 2009, *cert. denied* February 25, 2010. The court found that each of Frazier's arguments were either belied by the record and without merit or legally incorrect and without merit. *Id*. Frazier filed requests for a rehearing and then for a writ of certiorari, both of which were denied. *Id*. The Petitioner later filed a Petition for Writ of Habeas Corpus which brings this matter to the attention of this Court. [1] The petition, filed March 19, 2010, raises three (3) grounds (as summarized by the Court):

| | |
|---|---|
| Ground One: | Ineffective assistance of counsel because counsel "encouraged him to plead guilty to a crime for which there was no evidence and no factual basis" when counsel should have proven to the trial court that Frazier was not guilty. |
| Ground Two: | No factual basis for the plea because the "charged crime never occurred," so there "could not be . . . a factual basis for the plea." |
| Ground Three: | Illegal waiver of indictment because counsel was further ineffective since "it is probable that a no true bill would have been returned by the grand jury . . ." |

DISCUSSION

*A. Ground One*

The Petitioner did not raise Ground One of the petition to the Mississippi Supreme Court. Since the state did not have a fair opportunity to rule on this particular argument, it is procedurally barred from review by this Court. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). To exhaust state remedies means to give state courts an opportunity to act on claims before taking the issue(s) to the federal level. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 842-843 (1999). Moreover, since Ground One was not raised during the Petitioner's Post-Conviction Relief proceedings, it would have been barred from review by the Mississippi Supreme Court pursuant to Miss. Code Ann. § 99-39-27(9). When an issue is barred in state court, is it clear that it is also barred from federal review. *Coleman, supra*, at n.1.

Even if Ground One was not barred from review by this Court, it is clear that the Petitioner has failed to meet the standards set by the applicable two-prong test: (1) showing a good cause for failing to raise the issue(s) earlier and prejudice resulting from said issue(s) or (2) showing that refusal to review the claim resulted in a fundamental miscarriage of justice. *U.S. v. Flores*, 981 F.2d 231, 234 (5th Cir. 1993). Since there is no showing of cause, the Court is not required to consider whether or not prejudice exists. *Martin v. Maxey*, 98 F.3d 844,849 (5th Cir. 1996) (citing *Hill v. Black*, 932 F. 2d 369, 372-73 (5th Cir. 1991)). Also, miscarriage of justice claims are limited to "cases of actual innocence, where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995) (citing *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Since there is no showing of cause and no evidence or affirmative claim of innocence, the Petitioner could not

prevail on Ground One. Regardless, the Court finds that it is barred from reviewing Ground One and denies relief on this claim.

    B. *Grounds Two and Three*

These claims are evaluated under the Antiterrorism and Effective Death Penalty Act of 1996, and since Grounds Two and Three were already denied on the merits by the Mississippi Supreme Court on post-conviction collateral review, this Court cannot grant habeas corpus relief on these claims unless an exception applies. 28 U.S.C. § 2254(d). The exception in 28 U.S.C. § 2254(d)(1) applies to questions of law or mixed questions of law and fact, and the exception in 28 U.S.C. § 2254(d)(2) applies to questions of fact. *Lockhart v. Johnson*, 104 F. 3d 54, 56-57 (5th Cir. 1997). Since the claims at hand are mixed questions of law and fact, subsection (d)(1) applies, meaning that the Petitioner may prevail only if he shows that the decision was made contrary to or by an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). Factual findings, while presumed correct, may be rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This Court is required to be "highly deferential" to the state court's decision while applying the "unreasonable application" test. *Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997) (citing *Motley v. Collins*, 18 F.3d 1223, 1226, *cert. denied*, 513 U.S. 960, 115 S.Ct. 418, 130 L.Ed.2d 333(1994)). If the Court finds that the application of federal law is reasonable, then there is a presumption that the state's factual findings are correct. *Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000).

The United States Supreme Court summarized the applicable law at hand in concluding that 28 U.S.C. § 2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389

(2000). A state court's decision is objectively unreasonable if it: (1) arrives at a conclusion opposite one reached by the United States Supreme Court on a matter of law, (2) arrives at a conclusion opposite one reached by the Supreme Court based on a set of "materially indistinguishable facts," or (3) correctly identifies the matter of law but unreasonably and incorrectly applies it to the facts at hand. *Id*. at 1523. It cannot be enough that the state court applied federal law incorrectly; the application must also be unreasonable. *Ramdass v. Angelone*, 530 U.S. 156, 120 S.Ct. 2113 (2000); *Hill v. Johnson*, 210 F.3d 481 (5th Cir. 2000).

        *i.*    *Ground Two*

As per Ground Two itself, "the due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea unless . . . there may be some need for such as inquiry . . ." *Banks v. McGougan*, 717 F.2d 186, 188 (5th Cir. 1983) (citing *Willett v. Georgia*, 608 F.2d 538, 540 (5th Cir. 1979)). Further, under Mississippi law, a guilty plea "waives any evidentiary issue." *Jefferson v. State*, 855 So. 2d 1012, 1014 (Miss. Ct. App. 2003) (citing *Bishop v. State*, 812 So. 2d 934, 945 (Miss. 2002)).

The record clearly belies any claims against the Petitioner's guilty plea. On the Petition to Enter into a Plea of Guilty, the Petitioner stated that: his "mental health is presently satisfactory;" that he was satisfied with his attorney's help; that he entered into the plea freely and voluntarily; and most importantly that he "did commit statutory rape as charged in the information." S.C.R., Vol. I, pp. 9-10. [16-3] Also, during his plea colloquy, the Petitioner was given numerous, clear opportunities to assert any of the issues that he has since asserted, all of which he denied. S.C.R., Vol. I, pp. 12-47. [16-3] The Petitioner also reaffirmed his voluntariness, satisfaction with counsel, actual guilt, and general understanding of his rights and choice to enter into a guilty plea during this hearing. *Id*. Upon reviewing the record, the trial court clearly, reasonably applied any

pertinent federal law to the issue at hand. The Court finds that the Petitioner has failed to meet his burden. The state court's decision was made reasonably. Relief on this claim is denied.

        ii.       *Ground Three*

As per Ground Three itself, ineffective counsel claims are governed by a two-prong test: (1) whether or not there is a constitutional violation in counsel's deficiency and (2) whether or not that violation resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). These errors must be so deficient that counsel falls short of the "objective standard of reasonableness" guaranteed by the Sixth Amendment. *Id*. These claims are also viewed with great deference to the state court's decision, and the reviewing court must decide if there is a real difference between counsel's actual actions and what a reasonable attorney would have done in the circumstances. *Id*. at 689. All circumstances are taken into consideration when evaluating counsel's performance, and there is a presumption that counsel was reasonable. *Id*. at 688-89. Even if counsel made an error that is professionally unreasonable, it is only reversible if it negatively affected the proceedings. *Id*. at 691.

The record also clearly belies any claims against the Petitioner's Waiver of Indictment. S.C.R., Vol. I, p. 6. [16-3] On the waiver, the Petitioner acknowledges that he is charged with statutory rape, that he knows that he is entitled to indictment by the grand jury, and that he is fully advised and voluntarily doing so. *Id*. For these reasons and those noted above in relation to Ground Two, the Court finds that relief on Ground Three is also denied because the Petitioner failed to meet his burden.

CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Petitioner's petition for writ of *habeas corpus* [1] under 28 U.S.C. § 2254 be **DENIED**. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** on this, the 31st day of July, 2012.

*S/ Keith Starrett*
UNITED STATES DISTRICT JUDGE